Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5601 | **DATE** | 4/4/2003 |
| **CASE TITLE** | Terry J. Dowdy vs. Maria Pappas, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment is granted. Status hearing set for 4/29/03 is stricken. Any other pending dates are stricken. Any other pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | 3 number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 7 2003 date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 4/4/2003 date mailed notice | |
| TH ✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | TH mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TERRY J. DOWDY, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 00 C 5601 |
| MARIA PAPPAS, in her official capacity as the COOK COUNTY TREASURER, and the OFFICE OF THE COUNTY TREASURER, COOK COUNTY, ILLINOIS, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Defendants have moved for summary judgment. For the reasons set forth below, Defendants' motion is granted.

## FACTUAL BACKGROUND

Plaintiff Terry Dowdy began working for the Cook County Treasurer's Office on August 3, 1976 as a security officer. In 1994, he was promoted to the position of Chief of Security, which he held until March 20, 2000. As Chief of Security for the Treasurer's Office, Dowdy was expected to: (1) supervise, train and discipline security officers, (2) monitor and maintain surveillance videotape equipment, (3) distribute office keys and security codes, (4) secure tax collections and (5) assure that the collections and vault areas were secure.

Defendant Maria Pappas is the Cook County Treasurer.[1] The Treasurer's Office generates over 600,000 real estate tax bills twice a year and collects property taxes from about

---

[1] Dowdy's claims against the Cook County Treasurer and Pappas in her official capacity are redundant. *See Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998).

1.6 million parcels of real estate. In sum, the Treasurer's Office collects approximately $8 billion of property taxes every year. The office is a public trustee of those collections for taxpayers and taxing agencies.

The Treasurer's Office is especially busy when real estate tax bills are due, because thousands of people come to the office to inquire about their tax bills, complain about their assessment or pay the amount due. Many of these people are upset, confused or angry over their taxes. Accordingly, proper security is essential during this time.

Mike Shine was the Chief Deputy Treasurer of the Cook County Treasurer's Office. He was responsible for personnel, security, and budgetary issues. Commencing in at least December 1998, Shine began to observe problems with Dowdy's work performance and provided him with instructions for improvement. Shine orally counseled Plaintiff as problems arose and issued written reprimands when Plaintiff's work performance did not improve. After the counseling and reprimands, Dowdy's performance still did not improve.

Plaintiff failed to wear his security uniform at times. He sometimes "disappeared" from work during the day. He also failed to monitor and position staff to ensure that they were functioning in an efficient and productive manner. As Chief of Security, Plaintiff was responsible for maintaining constant video surveillance through the use of video recorders. On several occasions, Plaintiff was warned that the video machines were "off" and needed to be on. In February 2000, Shine was investigating an employee who was accused of stealing cash. In connection with the investigation, Shine asked Dowdy to bring him the security tapes for a particular weekend so he could review and observe the employee who was suspected of stealing. Dowdy informed Shine that no recording existed for the weekend because the tapes "ran out."

2

Plaintiff then proceeded to inform Shine that "it happens all the time," but that he had not done anything to fix the problem.

In March 2000, a pre-disciplinary hearing was held for Plaintiff. Shine later terminated Plaintiff's employment based upon a "culmination of mistakes, errors, errors in judgment, and no follow-through," including lapses in security coverage, Plaintiff's disappearances, and Plaintiff's failure to supervise and discipline subordinates.

In April 2000, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On June 14, 2000, the EEOC issued a Dismissal and Notice of Rights letter to Plaintiff. The letter informed him that he had the right to sue within 90 days of the letter. On September 12, 2000, Dowdy filed the complaint in this action alleging that Pappas discriminated against him on the basis of his race (African-American) and his gender (male). He further alleged that Pappas retaliated against him.

## ANALYSIS

I. **Legal Standard**

A. **Summary Judgment**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica*, 259 F.3d 619, 625 (7th Cir. 2001) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).

The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party that bears the burden of proof on a particular issue, however, may not rest on its pleadings but must affirmatively demonstrate that there is a genuine issue of material fact. *Id.* at 324, 106 S.Ct. at 2553. A mere scintilla of evidence in support of the non-movant's position is insufficient. *See Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). The Court "considers the evidentiary record in the light most favorable to the non-moving party, and draws all reasonable inferences in his favor." *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002). The Court accepts the non-moving party's version of any disputed facts but only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

**B.     Local Rule 56.1**

Local Rule 56.1 sets forth specific requirements for the party moving for summary judgment, as well as the non-moving party. It directs the moving party to file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Local Rule 56.1(a)(3). The party opposing the summary judgment motion must respond to each of the purported undisputed facts with "a concise response to the movant's statement." Local Rule 56.1(b)(3)(A). The Local Rules specifically state that "[a]ll material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party." Local

Rules 56.1(b)(3)(B). Given that Plaintiff did not file any response to Defendants' motion or any of its material facts despite being given multiple opportunities to do so, Defendants statements in its Rule 56.1 statement are deemed admitted unless they are unsupported by the evidence or contradict each other. "A district court need not scour the record to make the case of a party who does nothing." *Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir. 1989).

## II. Plaintiff Cannot Establish a Prima Facie Case of Discrimination

To survive summary judgment, Plaintiff must show that the record contains evidence that he was terminated because of Defendant's discriminatory motive. *Adreani v. First Colonial Bankshares Corp.*, 154 F.3d 389, 393 (7th Cir. 1998). Plaintiff can prove discrimination through either direct evidence or the indirect burden-shifting method of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Here, there is no evidence of direct discrimination, thus Dowdy must then proceed under the indirect burden-shifting method. Under *McDonnell Douglas*, an employee has the initial burden of proving a prima facie case of discrimination, which requires the establishment of four elements: (1) that plaintiff belongs to some protected class, (2) that he performed his job satisfactorily, (3) that he suffered an adverse employment action, and (4) that his employer treated similarly-situated employees outside his classification more favorably. *Id.* at 802, 93 S.Ct. 1817. If Plaintiff meets his prima facie case, the burden of production then shifts to his employer to articulate some legitimate, nondiscriminatory reason for its employment decision. *Id.* Once the employer submits this proffered reason, the burden then shifts back to Plaintiff to show that his employer's stated reason is merely pretextual. *Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

### A. Dowdy Cannot Show that He Performed His Job Satisfactorily

Pappas has provided substantial evidence demonstrating that Dowdy failed to perform his job consistent with Pappas' legitimate expectations. Plaintiff, as Chief of Security for the Cook County Treasurer's Office, was responsible for maintaining the safety of all office employees and for securing the Office after business hours. He was also responsible for supervising, training and disciplining security officers, monitoring and maintaining surveillance videotape equipment, distributing office keys and security codes, securing tax collections and assuring that the collections and vault areas were secure.

Beginning in at least December 1998, Dowdy had work performance problems. Mike Shine, the Chief Deputy Treasurer, observed many of these deficiencies. Dowdy failed to adequately supervise his subordinate security officers and to discipline them as warranted. Dowdy disappeared during work hours and his superiors could not locate him. Dowdy also failed to maintain the video surveillance equipment which was detrimental to Shine's investigation of an employee accused of stealing cash. Despite being counseled by Shine on these problems, Dowdy never improved his work performance. He simply failed to meet the Treasurer's expectations for the City of Security position.

Dowdy offers no evidence to support his burden of proving that he was performing his job consistent with Pappas' legitimate business expectations. Accordingly, there is no genuine issue of material fact, and Plaintiff Dowdy has failed to establish this necessary element of his prima facie case.

### B. Dowdy Cannot Show that Defendants Treated Similarly-Situated Employees Outside of His Classification More Favorably

Dowdy also has failed to meet the fourth element of his prima facie case for both is claim of race discrimination and gender discrimination. There is simply no evidence that any similarly situated non-African American employees or similarly situated female employees were treated more favorably. Given that Dowdy has failed to make out a prima facie case of discrimination, the Court does not have to address the issue of whether Defendants' reasons for firing him were merely a pretext for discrimination. *See Grayson v. City of Chicago*, 317 F.3d 745, 748 (7th Cir. 2002).

### III. Plaintiff Cannot Establish a Prima Facie Case of Retaliation

Similar to a discrimination case, a plaintiff may establish a prima facie case of retaliation by direct evidence or by an adaptation of the *McDonnell Douglas* prima facie test to the retaliation context. *Stone v. Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 644 (7th Cir. 2002). Again, the Court moves to the indirect method as there is no direct evidence of retaliation. Under the indirect method, first stage, Dowdy must first show that (1) he engaged in statutorily protected activity; (2) he performed his job according to his employer's legitimate expectations; (3) despite his satisfactory job performance, he suffered an adverse employment action; and (4) he was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *Id.* at 644; *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 466 (7th Cir. 2002). If Plaintiff establishes these elements, the burden shifts to Pappas to come forward with a legitimate, non-invidious reason for the adverse employment action. *Id.* The Seventh Circuit has made clear that throughout this process, "the burden of persuasion rests at all times on the

plaintiff." *Klein v. Trustees of Indiana Univ.*, 766 F.2d 275, 280 (7th Cir. 1985). If the defendant presents a "legitimate, non-invidious reason for the adverse employment action," the burden shifts back to the plaintiff to demonstrate that the defendant's reason is pretextual. *Haywood v. Lucent Techs., Inc.*, __ F.3d __, 2003 WL 1400496 (7th Cir. 2003).

As discussed above, Dowdy has not provided any evidence that he performed his job according to his employer's legitimate expectations. Even viewing the evidence in the light most favorable to Dowdy, he did not meet Pappas' expectations. Accordingly, the is no dispute of material fact and Defendants are entitled to judgment as a matter of law on the retaliation claim.

## CONCLUSION

As there is no dispute of material fact and Defendants are entitled to judgment as a matter of law, Defendant's motion for summary judgment is granted.

DATED: April 4, 2003

ENTERED:

_____
AMY J. ST. EVE
United States District Court Judge